# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

Hattie Worley,

        Plaintiff,

v.
                                   Case No. 1:21-cv-08385-JMF

Simon Meyrowitz & Meyrowitz, P.C.,

        Defendant.

---------------------------------------------------------X

### NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), the Plaintiff, by and through her attorney, shall take the deposition upon oral examination of Defendant Simon Meyrowitz & Meyrowitz, P.C., ("Defendant"), through one or more of its officers, directors, agents, or other representatives who shall be designated to testify on the Defendant's behalf regarding all information known or reasonably available to the Defendant with respect to the subject matter identified in Exhibit A.  The Plaintiff requests that the Defendant provide written notice at least fifteen (15) calendar days before the deposition of the name(s) and employment position(s) of the individual(s) designated to testify on the Defendant's behalf.

The Plaintiff's counsel shall conduct a remote video deposition of the Defendant. The deposition shall commence on July 18, 2022, at 9:30 AM, and the Defendant shall be deposed *via* video at 355 Lexington Avenue, Suite 401, New York, NY, 10017, or at such

other time and location as agreed upon by the parties. The deposition shall be taken before a court reporter and/or other person authorized by law to administer oaths. The court reporter and the Plaintiff's attorney shall appear by video on the aforementioned date, and the Defendant shall be provided with instructions for connecting *via* video. The deposition will be recorded by stenographic means.

Dated: June 22, 2022

                                            Respectfully submitted,

                                            By: /s/ Hashim Rahman
                                            Hashim Rahman, Esq.
                                            Rahman Legal
                                            43 W. 43rd Street, Suite 204
                                            New York, NY 10036
                                            hrahman@rahmanlegal.com
                                            Phone: (347) 433-6139

Plaintiff's July 15, 2022 letter-motion is GRANTED. Defendant was served with notice of this deposition on June 22, 2022, *see* ECF No. 47, despite Defendant's claims to the contrary, *see* ECF No. 53. Failure to appear for the deposition will result in sanctions. The Clerk of Court is directed to terminate ECF No. 54.

                                            SO ORDERED.

                                            July 15, 2022

# EXHIBIT A

In accordance with FRCP 30(b)(6), the Plaintiff designates the matters identified below for examination. In construing these topics, the following instructions and definitions shall apply:

1. All terms shall be construed to encompass as broad a range of information as permitted under the Federal Rules of Civil Procedure.

3. The terms "consumer" and/or "debtor" means any natural person who is obligated or allegedly obligated to pay any debt.

5. The term "document" shall include all materials written, printed, typed, photographed or recorded such as writings, notes, correspondence, memoranda, agreements, contracts, drafts, mark-ups, red-lined materials, proposals, offers, minutes of meetings, agendas, reports, calendar or diary entries, drawings, graphs, charts, logs, photographs, phone records, tape recordings, computer disks, computer printouts or tape, e-mail, or any other data compilations from which information can be obtained or translated.

**The deponent(s) shall be prepared to address the following topics:**

A. All business practices and procedures of the Defendant pertaining to, a) recordkeeping, b) document retention, c) computer software used to retain documents, d) information technology used to operate the business, e) general business operation, f) compliance procedures, and g) the supervision of and duties of employees, subcontractors, agents, and individuals working on behalf of the Defendant.

B. The contents of all documents filed in court by the Defendant or provided by the Defendant *via* discovery in the present action.

C. Each and every direct and indirect communication between the Plaintiff and the Defendant.

D.  The means and manner by which the Defendant obtained addresses used to serve or attempt to serve process on the Plaintiff in connection with a lawsuit.

E.  The means and manner by which the Defendant calculated any debt or obligation asserted against the Plaintiff in connection with a prior lawsuit.

F.  The means, manner, and process by which the Defendant calculates any debts or obligations owed by consumers or debtors to another.

G.  Each and every communication between the Defendant and AAA Attorney Service Co. of NY, Inc., pertaining to the Plaintiff.

H.  Each and every communication between the Defendant and the New York City Housing Authority ("NYCHA") pertaining to the Plaintiff.

I.  Each and every communication between the Defendant and a sheriff's office and/or marshal's office pertaining to the Plaintiff.

J.  Each and every lawsuit filed by the Defendant on behalf of NYCHA against the Plaintiff.

K.  The contents of all documents filed by the Defendant in the civil action *NYCHA vs. Hattie Worley*, Index No. CV-002142-19/NY.

L.  Each and every lawsuit filed against the Defendant pertaining, in any way, to its business practices, its compliance with the Fair Debt Collection Practices Act ("FDCPA"), and its compliance with Section 349 of the New York General Business Law.

M.  The business practices used by the Defendant to collect amounts from debtors and consumers who owe money to NYCHA.

N.  All disciplinary proceedings against any attorney employed by the Defendant.

O.  All contracts and fee arrangements between the Defendant and NYCHA.

P.  The formation, dissolution, licensing, registration, insurance, and legal status of the Defendant.

Q.  The duties, roles, functions, and work experience of employees and former employees of the Defendant.

R.  Settlement negotiations between the Plaintiff and the Defendant for the present action.

[END OF TOPIC LIST]