UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

| | |
|---|---|
| HATTIE WORLEY, | Case No.: 1:21-cv-08385-JMF |
| Plaintiff, | **STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION** |
| -against- | |
| SIMON MEYROWITZ & MEYROWITZ, P.C., | |
| Defendant. | |

------------------------------------------------------------------------------X

  This matter having come before the Court by stipulation of plaintiff, HATTIE WORLEY, and defendant, SIMON MEYROWITZ & MEYROWITZ, P.C., (herein "defendant") for the entry of a protective order pursuant to FRCP 26(c), limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

  IT IS hereby ORDERED that:

  1. This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the Parties agree merit confidential treatment (hereinafter the "Documents" or "Testimony").

  2. Any person subject to this Order shall adhere to the following terms:

  3. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose

such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

4. Any Party may designate Documents produced, or Testimony given, in connection with this action as "confidential," either by notation on each page of the Document so designated or by statement on the record of a deposition.

5. As used herein:

(a) "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information or other business or personal information the disclosure of which would, in the good faith judgment of the Party designating the material as confidential, be detrimental to the conduct of that Party's or a non-party's business or personal life, or the business of any of that Party's or non-party's customers, colleagues or clients.

(b) "Confidential Information" may include any previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins); previously nondisclosed material relating to ownership or control of any non-public company; previously nondisclosed business plans, product development information, or marketing plans; any information of a personal or intimate nature regarding any individual (including a Party or non-party social security number, license number, identification number, phone number, email address, and street address); or any other category of information hereinafter given confidential status.

(c) "Producing Party" shall mean the parties to this action producing "Confidential Information" in connection with depositions, document production or otherwise.

(d) "Receiving Party" shall mean the Parties to this action and/or any non- party receiving "Confidential Information" in connection with depositions, document production, subpoenas or otherwise.

6. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential Information. If the Producing Party does not agree to declassify such document or material within seven (7) days of the written request, the Receiving Party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise. Notwithstanding anything herein to the contrary, the Producing Party bears the burden of establishing the propriety of its designation of documents or information as Confidential Information.

7. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a) personnel of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder in writing;

(b) counsel for the Parties to this action and their associated attorneys, paralegals and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who

have been advised by such counsel of their obligations hereunder in writing;

   (c) expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 9 hereof;

   (d) the Court and court personnel;

   (e) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

   (f) and trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 11 and 12, respectively, hereof.

8. Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes.

9. Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 7(c) hereof, counsel for the Receiving Party making such disclosure shall provide to the expert witness or consultant a copy of this Stipulation and obtain the expert's or consultant's written agreement, in the form of **Exhibit A** attached hereto, to comply with and be bound by its terms. Counsel for the Receiving Party obtaining the certificate shall supply a copy to counsel for the other Parties at the time designated for expert disclosure, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

10. Should the need arise for any Party to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party or, as appropriate, non-party may do so only after taking such steps as the Court, upon motion of the Party, shall deem necessary to preserve the confidentiality of such Confidential Information.

11. This Stipulation shall not preclude counsel for any Party from using during any deposition in this action any Documents or Testimony which has been designated as "Confidential Information" under the terms hereof. Any deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute a written agreement, in the form of **Exhibit A** attached hereto, to comply with and be bound by its terms. Counsel for the Party obtaining the certificate shall supply a copy to counsel for the other Parties that is a Producing Party. In the event that, upon being presented with a copy of the Stipulation, a witness refuses to execute the agreement to be bound by this Stipulation, the Court may, upon application, enter an order directing the witness's compliance with the Stipulation.

12. All Confidential Discovery Material filed with the Court, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court.

13. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof, shall use reasonable measures to store and maintain the Confidential Information so as to prevent unauthorized disclosure, and shall only use Confidential Information for purposes directly related to this litigation.

14. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraphs 4 and/or 13 of this Stipulation, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such

designation.

15. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

16. The production or disclosure of Confidential Information shall in no way constitute a waiver of each Producing Party's right to object to the production or disclosure of other information in this action or in any other action. Nothing in this Stipulation shall operate as an admission by any Party or non-party that any particular document or information is, or is not, confidential.

17. This Stipulation is entered into without prejudice to the right of any Party seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under applicable law.

18. This Stipulation shall continue to be binding after the conclusion of this litigation except that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a Receiving Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation. The provisions of this Stipulation shall, absent prior written consent of the parties, continue to be binding after the conclusion of this action.

19. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

20. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all

reproductions thereof shall be returned to the Producing Party or, at the Receiving Party's option, shall be destroyed. In the event that any Receiving Party chooses to destroy physical and electronic objects and documents, such Party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical and electronic objects and documents, and that all such physical and electronic objects and documents have been destroyed to the best of its knowledge. This Stipulation shall not be interpreted in a manner that would violate any applicable rules of professional conduct. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual, corporation or other entity adverse to any Party or non-party or their affiliate(s) in connection with any other matter, but all Confidential Information shall remain subject to the terms of this agreement.

21.     If a Receiving Party is called upon to produce Confidential Information in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the Receiving Party from which the Confidential Information is sought shall (a) give written notice by email and either overnight mail or facsimile to the counsel for the Producing Party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the Producing Party five (5) business days to object to the production of such Confidential Information. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

22.     This Stipulation may be changed by further order of this Court, and is without

prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

23.    This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

|  |  |
|---|---|
| RAHMAN LEGAL | CATALANO GALLARDO & PETROPOULOS, LLP |
| By: /s/ Hashim Rahman .<br>HASHIM RAHMAN<br>Attorneys for Plaintiff<br>43 West 43rd Street, Suite 204<br>New York, New York 10036<br>(347) 433-6139 | By: *Jenna Fierstein*<br>MATTHEW K. FLANAGAN<br>JENNA L. FIERSTEIN<br>Attorneys for Defendant<br>100 Jericho Quadrangle, Suite 326<br>Jericho, New York 11753<br>(516) 931-1800<br>File No.: 65-2473 |
| Dated:  July 21, 2022 | Dated:  July 21, 2022 |

SO ORDERED.

                              _____
                              JESSE M. FURMAN, U.S.D.J.

Dated: New York, New York

         July 22    , 2022

This stipulation binds the parties to treat as confidential the documents so classified.  This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
HATTIE WORLEY,                                                              Case No.:
                                                                            1:21-cv-08385-JMF

                          Plaintiff,                                  **AGREEMENT WITH RESPECT TO**
                                                                           **CONFIDENTIAL MATERIAL**

     -against-

SIMON MEYROWITZ & MEYROWITZ, P.C.,

                          Defendant.
-----------------------------------------------------------------X

I,_____, state that:

1.     My address is_____.

2.     My present occupation or job description is_____.

3.     I have received a copy of the Stipulation and Order for the Production and Exchange of Confidential Information (the "**Stipulation**") entered in the above-entitled action on _____.

4.     I have carefully read and understand the provisions of the Stipulation.

5.     I will comply with all of the provisions of the Stipulation.

6.     I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

7.     I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

8. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.

Dated: _____          _____