# RAHMAN LEGAL

43 WEST 43RD STREET, SUITE 204
NEW YORK, NY 10036
TEL: +1.347.433.6139
FAX: +1.212.954.5391
WWW.RAHMANLEGAL.COM

August 26, 2022

**VIA ECF**
Hon. Jesse M. Furman
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

     Re:  Response to Defendant's Pre-Motion Letter
        Worley v. Simon Meyrowitz & Meyrowitz, P.C.
        Case No. 1:21-CV-08385-JMF

Dear Judge Furman,

  I represent the Plaintiff in the above-stated action. This letter is submitted in response to the Defendant's request for a conference pertaining to its intended motion for a protective order. (*See* ECF Doc. # 65.) In its letter, the Defendant claims that the scheduled deposition of the New York City Housing Authority ("NYCHA") is improper and lacking a good-faith basis. (*Id.* at 3.) The Plaintiff adamantly disagrees with this characterization.

  With respect to the deposition notice at issue, NYCHA is represented by an agency attorney by the name of Jacob Jaffe. [1] (*See* Ex. A at 1-4.) A few days after the deposition notice was served, Mr. Jaffe emailed me on August 18 and asked me to call him. (*See id.* at 4.) I did call him, and throughout this week we have conferred about the deposition topics and scheduling issues. Our exchanges have been civil, thoughtful, and productive. Mr. Jaffee and I were in the midst of resolving issues pertaining to witness identification and scheduling shortly before the Court issued its order directing me to cease contact. (*See id.* at 1.)

  NYCHA was served a deposition notice because it is a crucial fact witness in the present action. The agency is a primary source of information with respect to all components of the debt described in the Amended Complaint. (*See* Am. Comp. ¶¶ 7-8, 10-11, ECF Doc. # 35.) Any deposition testimony by NYCHA, if the Court permits, will be exceptionally important in establishing whether the Defendant's representations regarding the debt were false, misleading, deceptive, or inaccurate. (*See id.* ¶¶ 15-18.) For this reason, the Plaintiff identified NYCHA as a witness early on in her initial disclosures. The potential for a deposition of NYCHA was also raised at the last conference before the Court on or about July 19, 2022.

---

[1] In addition to Mr. Jaffe, I had also been in touch with a NYCHA agency attorney by the name of Mendel Simon. (*See* Ex. A at 4.) Mr. Simon had contacted me by phone shortly after the Plaintiff served a subpoena *duces tecum* on NYCHA in May of 2022. My interactions with Mr. Mendel were civil and productive. When the deposition notice at issue was served, I did reach out to Mr. Mendel a few times before being informed that he was no longer with the agency. (*See id.*)

The importance of information from NYCHA has only grown as this case has progressed. For instance, the Defendant did not provide any substantive response to document requests until it was ordered to do so by the Court. (*See* ECF Doc. # 59.) Furthermore, the Defendant presented a deposition witness who was not prepared (*see* Meyrowitz Dep.[2] 13:23-14:11), who refused to review documents (*see id.* at 134:7-18), and who expressed an overall unwillingness to answer questions (*see id.* at 78:9, 56:2-16). The witness, David Meyrowitz, also claimed to not have information because the Defendant, as a matter of course, destroys documents as soon as cases are closed. (*See id.* 72:1-16, 118:9-10, 123:2-4, 149:15-20.) Under such circumstances, where the Defendant has presented questionable responses and resisted cooperation, the need for information from other sources becomes exceptionally important.

Furthermore, it is my understanding that the Defendant does not currently represent NYCHA on any matters with respect to the Plaintiff.[3] The Defendant did represent NYCHA against the Plaintiff in case filed in civil court in 2019 (*see* Am. Comp. ¶ 7); however, that action concluded with the filing of a satisfaction of judgment in 2021 (*see* Meyrowitz Dep. 72:16-18). Thus even though the Defendant may be representing NYCHA in other unrelated matters, it does not represent NYCHA in this action or in any other case pertaining to the Plaintiff.

My contact with the attorneys at NYCHA was in full compliance with the New York Rules of Professional Conduct. *See* 22 N.Y.C.R.R. Part 1200, Rule 4.2. My communications were civil and professional, and I never engaged in any conduct that could be construed as harassment. I respectfully ask that Court to deny the relief requested in the Defendant's premotion letter (ECF Doc # 65) and reconsider the order stemming from the Defendant's subsequent letter (ECF Doc # 66).

Respectfully submitted,

/s/ Hashim Rahman

hrahman@rahmanlegal.com
*Attorney for the Plaintiff*

Upon review of the parties' letters, the Court concludes that there is no need for a conference.  Defendant's request for a protective order barring the deposition of NYCHA is meritless.  The matters set forth in the notice are plainly relevant.  In any event, "a challenge to a subpoena based on grounds of relevance or burden may only be raised by the entity to which the subpoena is directed; a party lacks standing to raise such challenges to a subpoena directed at a nonparty." *United States Reg'l Econ. Dev. Auth., LLC v. Matthews*, No. 3:16-CV-01093 (CSH), 2018 WL 2172713, at *8 (D. Conn. May 10, 2018).  So too, any invocation of attorney-client privilege is NYCHA's, not Defendant's, to make.  *See, e.g.*, *In re von Bulow*, 828 F.2d 94, 100 (2d Cir. 1987) ("[T]he privilege belongs solely to the client . . . .").  Accordingly, the request for a protective order is DENIED.  Moreover, as NYCHA is represented by other counsel in connection with this matter (a fact not revealed in Defendant's letter motion of August 26, 2022, *see* ECF No. 66), the prohibition on Plaintiff contacting NYCHA, *see* ECF No. 67, is VACATED.  The Clerk of Court is directed to terminate ECF No. 65.  SO ORDERED.

August 29, 2022

---

[2] Excepts of the deposition transcript are annexed hereto as Exhibit B.
[3] It should be noted that the Defendant routinely referred to the underlying civil case as "closed." (*See* Meyrowitz Dep. 72:12, 73:1-2.)