UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
HATTIE WORLEY, :
:
:
Plaintiff, :
: 21-CV-8385 (JMF)
-v- :
: OPINION AND ORDER
:
SIMON MEYROWITZ & MEYROWITZ, P.C., :
:
Defendant. :
:
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

  Plaintiff Hattie Worley brings this action against the law firm Simon Meyrowitz & Meyrowitz, P.C. ("Meyrowitz") in connection with its attempts to collect against a default judgment entered against her in New York State court. In her operative Complaint, Worley alleges that Meyrowitz, acting on behalf of its client, the New York City Housing Authority ("NYCHA"), improperly attempted to collect, and did in fact collect, what it knew to be an unlawful debt stemming from that judgment, in violation of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*; New York General Business Law § 349; and New York Judiciary Law § 487. Meyrowitz now moves, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for judgment on the pleadings, arguing that all of Worley's claims should be dismissed. For the reasons that follow, the Court agrees and Meyrowtiz's motion is granted.

## BACKGROUND

  The following facts, taken from the operative Complaint, documents it incorporates by reference, and matters of which the Court may take judicial notice (including filings in the underlying New York State court litigation), are construed in the light most favorable to Worley.

*See, e.g.*, *Empire Merchs., LLC v. Reliable Churchill LLLP*, 902 F.3d 132, 139 (2d Cir. 2018); *Kleinman v. Elan Corp., PLC*, 706 F.3d 145, 152 (2d Cir. 2013).

On June 4, 2019, a New York County Civil Court entered a default judgment against Worley for $9,816.08 after she was sued by NYCHA — her former landlord — for failure to pay rent. ECF Nos. 44-3; 44-4; *see* ECF No. 35 ("FAC"), ¶¶ 7-8. Worley claims that she first learned of the judgment around two years later, after which, in late March and early April of 2021, she communicated with NYCHA and Meyrowitz to clarify the debt and attempt to resolve it. FAC ¶ 10; *see* ECF No. 44-6.[1] On April 2, 2021, Meyrowtiz responded to Worley by email to inform her that the outstanding balance of her debt was $3,452.66 (the "April 2, 2021 Email"). ECF No. 35-1; *see* FAC ¶¶ 10-11. Thereafter, on April 7, 2021, Worley moved to vacate the default judgment. ECF No. 44-7; *see* FAC ¶ 12. Worley alleged in her motion to vacate — and continues to allege here — that the default judgment was entered unlawfully because she had been improperly served with the state-court papers. *See* ECF No. 44-7; FAC ¶¶ 9, 12. Meyrowitz, on behalf of NYCHA, filed an opposition to the motion to vacate (the "DJ Opposition Brief"), which went unopposed. ECF No. 44-9; *see* FAC ¶ 12. Thereafter, the state court summarily denied the motion. ECF No. 44-8.[2] Several months later, Worley filed this suit.

---

[1] Meyrowitz contends that Worley knew of the default judgment soon after it was entered because her wages were garnished and the judgment was partially satisfied. *See* ECF No. 45 ("Def.'s Mem."), at 3. When Worley learned of the default judgment, however, is immaterial.

[2] Worley appears to have fully satisfied her debt. On June 23, 2021, a satisfaction of judgment was entered in New York state court. ECF No. 44-11; *see also* Def.'s Mem. 5.

## APPLICABLE LEGAL STANDARDS

As noted, Meyrowitz moves, pursuant to Rule 12(c), for judgment on the pleadings. Worley argues as a threshold matter that, because Meyrowitz filed the motion before filing an answer, the motion should be denied as premature (or the operative complaint must be deemed admitted). *See* ECF No. 63 ("Pl.'s Opp'n"), at 1-2. That argument is without merit. Although Meyrowtiz's motion would have been more appropriately brought pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, courts regularly construe pre-answer Rule 12(c) motions as Rule 12(b) motions because they are subject to identical legal standards. *See, e.g.*, *Yongfu Yang v. An Ju Home, Inc.*, No 19-CV-5616 (JPO), 2020 WL 3510683, at *2 (S.D.N.Y. June 29, 2020); *Yang v. Navigators Grp., Inc.*, 18 F. Supp. 3d 519, 525-26 (S.D.N.Y. 2014); *see also* 5C Wright & Miller, Fed. Prac. & Proc. Civ. § 1368 (3d ed.) ("Because of the similarity between the Rule 12(c) and Rule 12(b) standards, courts will typically construe a premature Rule 12(c) motions [sic] as if it were brought under Rule 12(b) . . . ."). In accordance with that precedent, the Court will treat Meyrowitz's motion as a Rule 12(b) motion to dismiss.

As the Court will discuss, one of Meyrowitz's arguments implicates the Court's subject-matter jurisdiction. Rule 12(b)(1) is the proper vehicle to raise such an argument. *See, e.g.*, *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In reviewing a motion to dismiss under Rule 12(b)(1), a court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks and citation omitted), *aff'd*, 561 U.S. 247 (2010). "The plaintiff bears the burden of

proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

By contrast, Rule 12(b)(6) is the proper vehicle to argue that the plaintiff fails to state a claim. Such a motion requires a court to determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). When ruling on a Rule 12(b)(6) motion, a court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See, e.g.*, *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009). To survive such a motion, however, the plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Worley brings a litany of FDCPA and state-law claims. Under the former alone, Worley alleges that Meyrowitz violated

- Section 1692e(2), by "making a false representation of the amount of the debt [she owed]";

- Section 1692f(1), by "attempting to collect and by collecting [a debt] that was not . . . permitted by law";

- Sections 1692d and 1692d(10), by "persisting in collect[ing a debt] when it knew or had reason to know that service was improper";

- Section 1692e(11), by "failing to disclose that [the April 2, 2021 Email and the DJ Opposition Brief] were from a debt collector";

- Sections 1692d, 1692e, and 1692f, by misrepresenting in the April 2, 2021 Email that Worley owed a debt; and

- Section 1692g, by "failing to send [Worley a] written notice . . . of [the] right to dispute the validity of the debt."

FAC ¶¶ 15-19.  Before turning to the merits of Worley's claims, however, the Court begins — as it must — with the issue of subject-matter jurisdiction.  *See, e.g., Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998) (noting that subject-matter jurisdiction cannot be assumed and is a "threshold question that must be resolved . . . before proceeding to the merits").

**A.  The *Rooker-Feldman* Doctrine**

Meyrowitz argues that the Court lacks subject-matter jurisdiction by virtue of the *Rooker-Feldman* doctrine, which "bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court is the only federal court with jurisdiction over such cases."  *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021); *see* Def.'s Mem. 16-17.  More specifically, the *Rooker-Feldman* doctrine deprives federal district courts of subject-matter jurisdiction when four conditions are met: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgment; (3) the plaintiff's complaint invites district court review and rejection of that judgment; and (4) the state judgment was rendered before the filing of the federal complaint.  *See, e.g.*, Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).  The first and fourth requirements are "procedural"; the second and third are "substantive."  *Id.*

Here, the two procedural requirements are plainly met — and Worley does not suggest otherwise.  (Indeed, she does not really respond to Meyrowitz's *Rooker-Feldman* argument at all.)  Worley lost in state court and that loss (that is, both the original entry of default judgment *and* the denial of the motion to vacate the default judgment) occurred before she initiated this suit.  *Compare* ECF Nos. 44-4 and 44-8, *with* ECF No. 1.  The first substantive requirement — namely, that the plaintiff complains of injuries caused by the state-court judgment — is also plainly met, as Worley's alleged injuries were caused solely by the state-court judgment.  Indeed,

Worley's operative Complaint seeks to remedy only the harm allegedly caused by the state-court default judgment ordering her to pay $9,816.08 to NYCHA.  That is evident from the detail with which Worley complains about the state-court proceedings, *see, e.g.*, FAC ¶¶ 7-13, and the fact that she named as defendant Meyrowitz, NYCHA's state-court litigation counsel.  *See, e.g.*, *Roberts v. Perez*, No.13-CV-5612 (JMF), 2014 WL 3883418, at *3 (S.D.N.Y. Aug. 7, 2014).  Most tellingly, Worley "suffered no tangible injuries prior to the issuance of the state-court judgment."  *Id.*  In fact, she does not complain of any conduct by Meyrowitz prior to entry of the state-court judgment, which Meyrowitz defended and sought to execute.

      The only requirement that merits longer discussion is the second substantive one: that the plaintiff's complaint invites district court review and rejection of that state-court judgment.  Two of Worley's FDCPA claims — namely, her claim that Meyrowitz "fail[ed] to disclose that [its April 2, 2021 Email and DJ Opposition Brief] were from a debt collector," thus violating Section 1692e(11); and that Meyrowitz "fail[ed] to send [her a] written notice . . . of her right to dispute the validity of the debt," thus violating Section 1692g, FAC ¶¶ 17, 19 — do not implicate that requirement as they relate solely to Meyrowitz's "debt collection practices," 15 U.S.C. § 1692(e), and not to the legitimacy of the debt itself.  *See, e.g.*, *McCrobie v. Palisades Acquisition XVI, LLC*, 664 F. App'x 81, 83 (2d Cir. 2016) (summary order) (explaining that FDCPA claims arising out of a state-court judgment can survive *Rooker-Feldman* if they challenge *how* the defendant "attempt[ed] to collect on the judgment").  But the rest of Worley's claims are premised on the invalidity of the default judgment and that Meyrowitz "misrepresented" the existence, and amount, of the debt because it was unlawfully entered (due to Worley being improperly served).  *See, e.g.*, FAC ¶ 15 ("[Meyrowitz] violated 15 U.S.C. § 1692e(2) by making a false representation of the amount of the debt."); *id*. ¶¶ 12, 16; Pl.'s

Opp'n 3 (describing the allegedly improper service). In other words, they ask the Court to find the underlying debt invalid — in essence, to vacate the state-court default judgment. That is precisely what the *Rooker-Feldman* doctrine forbids.

In sum, all but two of Worley's FDCPA claims — her claims under Sections 1692e(11) and 1692g — are, "*in substance*," an "appeal[] from [a] state-court judgment[]." *Hoblock*, 422 F.3d at 84 (emphasis added). Under *Rooker-Feldman*, this Court therefore lacks subject-matter jurisdiction to review them. Worley's allegations that Meyrowitz improperly served her in the state-court case *intentionally* — and, by implication, her arguments that the default judgment was fraudulently procured — are irrelevant. *See, e.g.*, FAC ¶ 9 ("[Meyrowitz] knew or had reason to know that [Worley] did not reside at the [] address [at which it purported to serve her]."); *id.* ¶ 16 ("[Meyrowitz] knew or had reason to know that service was improper."). The Second Circuit has "clearly held that a plaintiff cannot rely on allegations that the state court judgment at issue 'was obtained fraudulently' to avoid application of the *Rooker-Feldman* doctrine." *Fiorilla v. Citigroup Glob. Mkts., Inc.*, 771 F. App'x 114, 115 (2d Cir. 2019) (summary order). To do so would necessarily "'require the federal court to review the state proceedings and determine that the judgment was issued in error,' which *Rooker-Feldman* instructs [that courts] cannot do." *Id.* (quoting *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (cleaned up)). Accordingly, all of Worley's FDCPA claims, with the exception of her claims under Sections 1692e(11) and 1692g, must be and are dismissed for lack of subject-matter jurisdiction.

**B. The Section 1692e(11) and 1692g Claims**

The Section 1692e(11) and 1692g claims require little discussion. The former mandates that, except for "formal pleading[s] made in connection with a legal action," an "initial written

communication" by a debt collector must make clear that the debt collector "is attempting to collect a debt and that any information obtained will be used for that purpose"; any "subsequent communications" must only identify that it is "from a debt collector." 15 U.S.C. § 1692e(11). Here, as Meyrowitz argues, s*ee* Def.'s Mem. 19, the April 2, 2021 Email and the DJ Opposition Brief are not "initial written communications," as they were sent by Meyrowitz in response to an email from Worley and to oppose her motion to vacate the default judgment, respectively.[3] *See* ECF No. 35-1 (showing the email thread, and that the April 2, 2021 Email was in response to a March 31, 2021 email from Worley); ECF No. 44-6; *see also Carlin v. Davidson Fink LLP*, 852 F.3d 207, 214 ("[W]e conclude that, read in the context of the entire [FDCPA], initial communications do not include communications initiated by the debtor."); *id.* at 212-15.[4] Thus, to prove a violation of Section 1692e(11), Worley would have to show that the communications at issue did not identify that they were "from a debt collector." But both plainly did. The April 2, 2021 Email expressly stated that it was from "attorneys for the New York City Housing Authority" and that "NYCHA sent your file to our office for collection in 2018, to collect the amount of $8,714.76." ECF No. 35-1. The DJ Opposition Brief stated that it was filed by Meyrowitz, "attorneys for . . . [the] New York City Housing Authority" to "recover the past due rent owed by [Worley] to [NYCHA]." ECF No. 44-9, ¶¶ 1-2. Accordingly, the Court concludes that Worley fails to plead a plausible violation of Section 1692e(11).

---

[3] On top of that, the DJ Opposition Brief may well fall under the formal-pleadings exclusion. *See, e.g.*, *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 87-88 (2d Cir. 2018) (reading virtually identical language in 15 U.S.C. § 1692g(d) as a "broad exclusion"). The Court need not and does not, however, reach that question.

[4] Although the *Carlin* court's observations were made in reference to Section 1692g, they apply with equal force to Section 1692e(11). *See, e.g.*, *Gorss Motels, Inc. v. Lands' End, Inc.*, 997 F.3d 470, 478 (2d Cir. 2021) ("[W]hen Congress uses the same words in two different portions of the same statute, we presume that they have the same meaning in both.").

Worley's Section 1692g claim fails for similar reasons. By its terms, Section 1692g applies only "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt." 15 U.S.C. § 1692g(a). Worley does not identify the "initial communication" that started the five-day clock here because, as described above, neither the April 2, 2021 Email nor the DJ Opposition Brief were initial communications. Her "claim therefore fails because the documents [she] has identified as defective initial communications . . . are not initial communications as defined by the FDCPA." *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 88 (2d Cir. 2018); *see also, e.g.*, *Johnson-Gellineau v. Steine & Assocs., P.C.*, No. 16-CV-9945 (KMK), 2019 WL 2647598, at *14 (S.D.N.Y. June 27, 2019) (dismissing a Section 1692(g) claim because the plaintiff failed to identify an "initial communication"); *Antoine v. CitiMortgage, Inc.*, No. 15-CV-5309 (JMA), 2017 WL 1133354, at *5 (E.D.N.Y. Mar. 24, 2017) ("[P]laintiffs have not plausibly alleged that they received an initial communication from [the] defendants. Accordingly, [their] claim under 15 U.S.C. § 1692g(a) necessarily fails.").[5]

## C. The State-Law Claims

Having dismissed Worley's federal claims, the Court must decide whether to exercise supplemental jurisdiction over her remaining state-law claims. A district court "may decline to exercise supplemental jurisdiction over a [pendent state law claim] if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness,

---

[5] In light of these conclusions, the Court need not and does not reach Meyrowitz's alternative arguments, that Worley's FDCPA claims are time barred, precluded by the doctrine of *res judicata*, or otherwise implausible. *See* Def.'s Mem. 8-15, 17-20.

and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well."); *Anderson v. Nat'l Grid, PLC*, 93 F. Supp. 3d 120, 147 (E.D.N.Y. 2015) ("In the interest of comity, the Second Circuit instructs that absent exceptional circumstances, where federal claims can be disposed of pursuant to . . . summary judgment . . ., courts should abstain from exercising pendent jurisdiction." (internal quotation marks omitted) (citing cases)).  Here, there is no basis to depart from that general rule.  Accordingly, Worley's state-law claims are dismissed without prejudice to refiling in state court. *See, e.g.*, *Del Rio v. McCabe, Weisberg & Conway, LLC*, No. 19-CV-10312 (VSB), 2021 WL 5331676, at *5 (S.D.N.Y. Nov. 16, 2021) (declining to exercise supplemental jurisdiction over New York General Business Law claims upon dismissal of FDCPA claims); *LaCourte v. Foster & Garbus LLP*, No. 12-CV-9453 (JSR), 2014 WL 667470 (S.D.N.Y. Feb. 21, 2014) (same as to New York Judiciary Law claims).

## CONCLUSION

For the foregoing reasons, Meyrowitz's Rule 12(c) motion for judgment on the pleadings is treated as a Rule 12(b) motion to dismiss and GRANTED.  Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is "within the sound discretion of the district court to grant or deny leave to amend," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  In this case, leave to amend is not warranted because the problems with Worley's FDCPA claims are either jurisdictional or substantive and, thus, amendment would be futile.  *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  Moreover, Worley neither requests leave to amend nor argues that she possesses any additional

facts that could cure the defects in her claims.  *See, e.g.*, *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading).  Furthermore, Worley was on notice of Meyrowitz's arguments when she filed the operative Complaint in response to Meyrowitz's original motion for judgment on the pleadings.  *See, e.g.*, *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257 (2d Cir. 2018) ("When a plaintiff was aware of the deficiencies in [her] complaint when [she] first amended, [she] clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first." (alteration and internal quotation marks omitted)).

The Clerk of Court is directed to terminate ECF No. 43, to close the case, and to enter judgment consistent with this Opinion and Order.

SO ORDERED.

Dated: October 25, 2022
       New York, New York

                                            JESSE M. FURMAN
                                            United States District Judge