UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HATTIE WORLEY,

                Plaintiff,

-against-                                       21 **CIVIL** 8385 (JMF)

**JUDGMENT**

SIMON MEYROWITZ & MEYROWITZ, P.C.,

                Defendant.
------------------------------------------------------------X

      It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated October 25, 2022, Meyrowitz's Rule 12(c) motion for judgment on the pleadings is treated as a Rule 12(b) motion to dismiss and GRANTED. Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is "within the sound discretion of the district court to grant or deny leave to amend," McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). In this case, leave to amend is not warranted because the problems with Worley's FDCPA claims are either jurisdictional or substantive and, thus, amendment would be futile. See, e.g., Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). Moreover, Worley neither requests leave to amend nor argues that she possesses any additional facts that could cure the defects in her claims. See, e.g., Fischman v. Mitsubishi Chem. Holdings Am., Inc., No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Furthermore, Worley was on notice of Meyrowitz's arguments when she filed the operative Complaint in response to Meyrowitz's original motion for judgment on the pleadings. See, e.g., Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n, 898 F.3d 243, 257 (2d Cir.

2018) ("When a plaintiff was aware of the deficiencies in [her] complaint when [she] first amended, [she] clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first." (alteration and internal quotation marks omitted)); accordingly, the case is closed.

**Dated:**  New York, New York

       October 26, 2022

**RUBY J. KRAJICK**

**Clerk of Court**

**BY:** *K. Mango*

**Deputy Clerk**