```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
HATTIE WORLEY,                                                   :
                                                                 :
                                    Plaintiff,                   :
                                                                 :          21-CV-8385 (JMF)
                -v-                                              :
                                                                 :       MEMORANDUM OPINION
SIMON MEYROWITZ & MEYROWITZ, P.C.,                               :            AND ORDER
                                                                 :
                                    Defendant.                   :
                                                                 :
-----------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

By Opinion and Order entered on October 25, 2022, familiarity with which is presumed, the Court granted the motion of Defendant Simon Meyrowitz & Meyrowitz, P.C. ("Meyrowitz") to dismiss Plaintiff Hattie Worley's Complaint with prejudice. *See Worley v. Simon Meyrowitz & Meyrowitz, P.C.*, No. 21-CV-8385 (JMF), 2022 WL 14760633 (S.D.N.Y. Oct. 25, 2022) (ECF No. 87) ("Op."). Worley now moves, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3, for reconsideration. *See* ECF No. 91.

Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3 are meant to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (quoting *Grand Crossing, L.P. v. U.S. Underwriters Ins. Co.*, No. 03-CV-5429 (RJS), 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008)). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up). "[T]he standard for granting [a motion for

reconsideration] is strict." *Id*.  "A party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (cleaned up).  *See also, e.g.*, *Guvera IP Pty Ltd. v. Spotify USA, Inc.*, No. 21-CV-4544 (JMF), 2022 WL 16963168, at *1 (S.D.N.Y. Nov. 16, 2022).

Measured against this strict standard, Worley's motion for reconsideration borders on frivolous.  Indeed, most if not all of Worley's arguments are either recycled *or* altogether new (the latter of which is hardly surprising, as Worley's memorandum of law in opposition to Meyrowitz's original motion was a mere five pages long, only some of which were devoted to substantive argument).  *See* ECF No. 63.  In either case, they are not proper grounds for reconsideration.  *See, e.g.*, *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005) ("It is settled law in this District that a motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced."); *id.* at 20 ("[A] party is barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so.").  Worley's motion for reconsideration is properly denied on that basis alone.

In any event, the motion also fails on the merits.  Several of Worley's assertions and arguments — most notably, her contention that Meyrowitz's Rule 12(c) motion was procedurally improper and should not have been considered a Rule 12(b) motion to dismiss, *see* ECF No. 93 ("Pl.'s Mem."), at 3-5, and her conclusory assertion that *Rooker-Feldman* does not apply because "she has not invited this Court to review and reject that state-court judgment," *id.* at 10 — were

adequately addressed in the Court's earlier Opinion and need not be addressed further here.

Only a few points call for additional, abbreviated discussion, to wit:

- Worley is wrong in asserting that the Court improperly relied in its earlier Opinion on extrinsic evidence — namely, documents submitted by Meyrowitz in support of its motion. *See* Pl.'s Mem. 4. The documents at issue were either "statements or documents incorporated into the complaint by reference" or "documents possessed by or known to the plaintiff and upon which [she] relied in bringing [her] suit," and thus were appropriately considered by the Court on Meyrowitz's motion. *ATSI Comm'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). And in any event, Worley did not raise any objection to the documents in her memorandum of law opposing the motion — and thus forfeited any argument to the contrary.[1]

- Worley is also wrong in claiming that the Court "did not rule on [several] aspect[s] of the Amended Complaint." Pl.'s Mem. 5. The Court found that all of Worley's FDCPA claims were either barred by the *Rooker-Feldman* doctrine or failed to raise a plausible claim of violation of the FDCPA. *See Op.* at *3-4. To the extent that Worley argues the Court did not consider the "least sophisticated consumer standard" in its prior Opinion, Pl.'s Mem. 5-7, that is because Worley did not raise the issue herself. The phrase "least sophisticated consumer standard" appears nowhere in Worley's pleadings or her original motion papers. Moreover, the gravamen of her claims was and is that Meyrowitz violated the FDCPA because it attempted to collect on a debt it knew was invalid, not that its communications were confusing. *See, e.g.*, ECF No. 35 ("FAC"), ¶¶ 7, 15.[2]

- Worley misreads *Carlin v. Davidson Fink LLP*, 852 F.3d 207 (2d Cir. 2017), in arguing that the April 2, 2021 Email was not a "subsequent communication" under the FDCPA, Op. at *4. *See* Pl.'s Mem. 7-8. In *Carlin*, the Second Circuit held that a letter sent by a debt collection agency in response to a debtor disputing a debt and requesting a payoff amount was an "initial communication" because the letter was not "merely a response to

---

[1] By contrast, there is no basis to consider the extrinsic evidence submitted by Worley in connection with her present motion. Among other things, Local Civil Rule 6.3 provides in relevant part that "[n]o affidavits shall be filed by any party unless directed by the Court."

[2] Paragraph 18 of the First Amended Complaint does allege that the April 2, 2021 Email "contained confusing, misleading, deceptive, and/or false representations regarding correspondence, balances, amounts, and interest" and that, "[u]pon information and belief, the Defendant's use of the email was unfair, unconscionable, and intended to harass the Plaintiff into making a payment." FAC ¶ 18. But Worley abandoned any claim based on the argument that the email was confusing by not arguing the point in her opposition to Meyrowitz's motion. *See, e.g., Felix v. City of N.Y.*, 344 F. Supp. 3d 644, 654 (S.D.N.Y. 2018) ("Courts may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." (internal quotation marks omitted)). And in any event, the allegations in Paragraph 18 are, at best, "a formulaic recitation of the elements of a cause of action" and thus "will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

an unsolicited request for information." 852 F.3d at 211, 215. Instead, the debtor was "prompted" to reach out to the agency by a foreclosure notice it had served on him, which created "the mistaken impression" that he had to do so. *Id.* at 210-11, 15. That was not the case here. As the Court held in its earlier Opinion, and as the record makes clear, Meyrowitz sent the April 2, 2021 Email in response to an unsolicited request for information by Worley nearly *two years* after judgment had been entered against her. *See* Op. at *1; ECF Nos. 35-1, 44-6. Thus, the April 2, 2021 Email is not "analogous to the reply letter . . . described in [] *Carlin*." Pl.'s Mem. 8.

- Finally, Worley does not cite any authority for her proposition that "[s]ince the Complaint identified only two communications, the first of the said communications [the April 2, 2021 Email] should have been construed as an 'initial communication.'" *Id.* at 9. Moreover, at bottom, the argument is simply a corollary of her argument, rejected above, that the Court improperly looked at extrinsic evidence. The Court is not required to blindly accept Plaintiff's allegations if they are contradicted by the cognizable record. *See, e.g.*, *Cohen v. Rosicki, Rosicki & Assocs, P.C.*, 897 F.3d 75, 88 (2d Cir. 2018) (refusing to accept the plaintiff's alleged initial communication as such when the record showed that it was a "defective initial communication[]" and thus "not [an] initial communication[] as defined by the FDCPA").

The Court has considered *all* of Worley's arguments for reconsideration and finds that they are procedurally improper and, in any event, meritless. Accordingly, and for the reasons discussed above, her motion for reconsideration must be and is DENIED.

The Clerk of Court is directed to terminate ECF No. 91.

SO ORDERED.

Dated: January 11, 2023
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

4